WESTERN LOAN & SAVINGS COMPANY, a Corporation, Appellant, v. LUDVIG H. BERG and ELISE C. BERG, his wife, Respondents.

### No. 1288.    (67 Pac. 669.)

**Judgment: Default: Excusable Neglect.**

Where, before plaintiff had replied to defendants' counterclaim, the cause was set for trial on motion of defendants, without notice to plaintiff's counsel, who resided in another county, and, though they wrote to the clerk of court several times to ascertain if the case had been set and of the date, he did not answer until after judgment was entered, plaintiff's failure to appear at the time set for trial was excusable, and the judgment should be set aside, under Revised Statutes 1898, section 3005, providing that a party may be relieved of a judgment taken against him through his excusable neglect.

(Decided February 7, 1902.)

Appeal from the First District Court, Box Elder County.— *Hon. C. H. Hart,* Judge.

Action to recover a certain sum due on a promissory note and to foreclose a trust deed given as security for the same. From a judgment in favor of the defendants, the plaintiff appealed.

REVERSED.

*Messrs. Whittemore & Price* for appellant; *W. D. Riter, Esq.,* of counsel.

*Ricy H. Jones, Esq.,* for respondents.

BASKIN, J.—The appellant made a motion, in the court below, to set aside the judgment rendered, on the grounds, among others, that the plaintiff, through mistake, inadvertence, surprise, and excusable neglect, failed to appear when the case was heard and judgment rendered against it, on the fifth day of December, 1900. The motion was denied, whereupon the plaintiff took exception, and afterwards appealed from the judgment. One of the errors assigned is the refusal to grant the motion.

It appears from the record that the complaint was filed on October 28, 1900, that an answer and counterclaim was filed by defendants on the seventh of November, and that on the twenty-third day of that month the plaintiff filed a reply, denying certain material allegations of the counterclaim; that on the twenty-fourth of November, 1900, the defendants, by leave of the court, filed an amended counterclaim, and on November 30 plaintiff filed a reply to the amended counterclaim, in which each and every allegation thereof, except such as were admitted or alleged in the complaint, was denied. Before final issue was joined by filing the reply to the amended counterclaim, on motion of Ricy H. Jones, defendants' attorney, the case, on November 9, was set down for trial on December 5, 1900. Plaintiff's attorneys were residents of a different county than that in which the case was instituted and was pending, and neither of them, nor the plaintiff, had notice of said motion, and were absent when the case was set down for trial, and were not afterwards notified of that fact, and did not know the fact until after the rendition of the judgment. C. S. Price, one of plaintiff's attorneys in his affidavit says: "That the attorneys for the plaintiff have at divers times since the first day of December, 1900, written to the clerk of the district court of Box Elder county asking that the above-named case be set for trial on the eighteenth day of December, 1900; that in response to a letter written by said attorneys on December 10, 1900, to the said clerk of

the said court, said attorneys were informed by said clerk that the case had been set for December 5, and on said day the said court rendered judgment against the above-named plaintiff; that this was the first notice or intimation that the plaintiff or its attorneys ever had relative to the setting of said case; that if said plaintiff or its attorneys had been notified, in accordance with the laws, rules, and practice of this State, they would have appeared to present the case to said court, as it was the desire of said plaintiff and its attorneys at all times since the filing of said suit to have the same disposed of during the month of December."

George L. Graehl, the clerk, in his affidavit says "that he is the clerk of the district court of the First judicial district, state of Utah, and that in such capacity he has at divers times prior to the fifth day of December, 1900, and subsequent thereto, received letters from the attorneys of the above-named plaintiff, asking for information when the above-named case would be set, and that during the latter part of November, 1900, the said affiant wrote the attorneys, Morse, Whittemore, and Price, that he was unable at that time to state when the said case would be set, and that at no time did the said affiant notify the said plaintiff, or its attorneys, or any other person, that the said case had been set on the ninth day of November, 1900, to be tried on the fifth day of December, 1900, or at any other time."   The setting of the case for trial without notice, before a joinder of issues by the pleadings and the adjudication of the case, without any notice having been given of such setting, were, under the facts disclosed, irregular proceedings, and in violation of plaintiff's rights, depriving it of the opportunity of being heard or represented by its attorneys in support of its claim at the trial of the case.   It is clear, from the facts disclosed by the record, that the failure of the plaintiff to appear at the time the case was set for trial was excusable neglect; and therefore, under the provisions of sec-

·tion 3005, Revised Statutes 1898, the motion to set aside the judgment should have been sustained by the court below.

The judgment is reversed, at respondents' costs, and the case remanded for trial.

MINER, C. J., and BARTCH, J., concur.